In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2554

United States of America,

Plaintiff-Appellee,

v.

Frederick D. McGee,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois, Rock Island Division.
No. 00-CR-40032--Michael M. Mihm, Judge.

Argued January 9, 2002--Decided February 12, 2002


  Before Flaum, Chief Judge, and Harlington
Wood, Jr., and Easterbrook, Circuit Judges.

  Flaum, Chief Judge.  The appellant,
Frederick D. McGee, has filed the instant
appeal contesting the district court's
denial of his motion to suppress evidence
gained by the government after it
executed a search warrant of his
premises. According to McGee, the
government failed to wait an appropriate
amount of time from the announcement of
its presence outside his home and its
forced entry into his apartment. For the
reasons stated herein, we affirm the
decision of the district court.

I.  BACKGROUND

  In April of 2000, federal agents, acting
on suspicion of McGee's involvement in
drug trafficking, searched the trash that
McGee had left in the alley behind his
home. In conducting this search, they
discovered indicia of drug trafficking
(i.e., residue of crack cocaine and
plastic baggies). Based upon this
information, they sought and obtained a
warrant to search McGee's residence.
Federal agents arrived at McGee's
residence on the morning of April 27,
2000 to execute the warrant.

  McGee's apartment was located in a
Victorian house that had been divided

into four units. His residence occupied the first floor of the structure and could be accessed from both a front and rear door. Upon arrival at McGee's residence, the agents noticed that McGee was entering through the rear entrance. The federal agents decided to enter the structure through the front door. While the entry team was preparing to enter McGee's apartment through the front entrance of the building, other officers were positioned outside its rear.

Shortly after McGee entered the rear of the residence, the entry team began banging on the outer door of the residence and yelling, "FBI, search warrant." According to the record, from the moment the federal officers began banging upon the door, they continuously yelled "FBI, search warrant." The agents noticed that the outer door of the residence was unlocked and then opened that door and proceeded into a common foyer that contained a door leading to McGee's apartment. While the entry team was proceeding through the front door, the agents stationed at the rear of the residence noticed that, once the announcement had been made, McGee left his apartment through the rear door, glanced at them, and then proceeded up the rear staircase of his building. The officers at the rear took McGee into their custody.

After hearing no acknowledgment from inside, the entry team began to break down the inner door to McGee's apartment. The agents had to batter the door several times before it was successfully breached. The testimony at the suppression hearing established that "approximately ten seconds" after the knocking had begun on the residence's outer door, the entry team began to forcibly enter McGee's apartment. After McGee's door had been successfully broken, agents discovered drugs and a loaded handgun in the headboard of his bed.

As a result of the search conducted in McGee's apartment, the government indicted McGee for possession with intent to distribute at least 50 grams of a substance containing a cocaine base and for the unlawful possession of a firearm by a felon. At his trial, McGee moved to suppress all evidence gleaned as a result

of the government's search of his premises. According to McGee, the government violated the so-called "knock and announce" rule when its agents forcibly entered his apartment just ten seconds after announcing their presence. The district court denied McGee's motion to suppress and his subsequent motion to reconsider. McGee then entered a conditional plea of guilty to Count I of the indictment and specifically reserved, in writing, his right to appeal the district court's denial of his motion to suppress.

## II.  DISCUSSION

In examining a district court's denial of a motion to suppress, we review its legal conclusions de novo and its factual findings for clear error. See United States v. Brown, 188 F.3d 860, 864 (7th Cir. 1999).

The "knock and announce rule" requires that law enforcement agents, executing a valid search warrant upon a premises, wait a reasonable amount of time from their first knock (or announcement) at the premises, to their forcibly entry. See Wilson v. Arkansas, 514 U.S. 927 (1995). In the Wilson case, the Supreme Court plainly stated that the principles underlying the common-law "knock and announce" requirement "form[ ] a part of the reasonableness requirement under the Fourth Amendment." Id. at 929. However, while the Supreme Court has stated that the "knock and announce" rule must form part of a court's Fourth Amendment inquiry into the reasonableness of a search, it has also expressly found that "the Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." Id. at 934. In particular, the Court noted that the "knock and announce" rule could give way "under circumstances presenting a threat of physical violence," or "where police officers have reason to believe that evidence would likely be destroyed if advance notice were given." Id. Although most drug investigations arguably involve at least one (and likely both) of the above circumstances, the Supreme Court has not permitted courts to issue a blanket exception to the "knock and announce" rule for cases involving drugs.

Richards v. Wisconsin, 520 U.S. 385 (1997). Rather, courts must continue to engage in a "case-by case evaluation of the manner in which a search was executed." Id. at 392.

In the instant case, after conducting its hearing, the district court opined that the ten seconds that elapsed from the time the government announced its presence outside of McGee's apartment to its breach of McGee's door did not "seem like a long time" and that "it's [not] reasonable to expect that someone is going to answer the door in ten seconds." Nevertheless, the district court refused to suppress the evidence gained from the government's search of McGee's apartment because, given the fact that McGee had exited his apartment from the rear, any further wait by the entry team would have been a useless gesture.

We decline to adopt a rigid time formula regarding the amount of time officers must wait prior to their forced entry into a premises. See United States v. Espinoza, 256 F.3d 718, 722 (7th Cir. 2001) ("There is no bright-line rule delineating the boundary between a reasonable and unreasonable amount of time for officers to wait after announcing their presence and before attempting forcible entry pursuant to a valid search warrant."). Rather, "in each case where officers have allegedly not waited a sufficient amount of time before attempting forcible entry, the question must be evaluated on the basis of what time period is reasonable under the circumstances." Id.

The district court found that McGee had left his apartment once the officers began knocking upon his front door. Rather than move towards the door (and avoid forcible entry), McGee exited the apartment and began to ascend the stairs of his building. The government contends that, in light of McGee's unavailability to answer his door, any further wait by the entry team would have been a useless gesture. We agree.

In general, the "useless gesture" exception to the "knock and announce" rule is applied when a suspect affirmatively refuses to answer his door to allow the government to serve a valid search warrant. Id. at 720 (exclusionary

rule inapplicable to "knock and announce" error where defendant held door shut with his body as officers attempted to enter his residence). However, this court has also held that "[t]he phrase 'refused admittance' is not restricted to an affirmative refusal . . ." but also incorporates "circumstances that infer a refusal." United States v. Jones, 208 F.3d 603, 609 (7th Cir. 2001). Similarly, the "useless gesture" exception has been applied where, as here, a precipitous entry into a suspect's residence was harmless because that suspect was not home or was not in a position to have ever answered his door. See, e.g., United States v. Barnes, 195 F.3d 1027, 1029 (8th Cir. 1999).

We do not find that the district court committed clear error in concluding that McGee had exited his apartment when the entry team first announced its presence. Given that McGee was in the process of ascending the stairs in his building, the entry team could have waited outside of his front door for "thirty seconds, or a minute, or two minutes" to little or no avail. Espinoza, 256 F.3d at 727. Therefore, we agree with the district court's finding that any further wait by the entry team would have been useless and that any precipitous entry by the government in this case was harmless.

III. CONCLUSION

For the foregoing reasons, we Affirm the decision of the district court.