# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2316NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District |
| | * | of Nebraska. |
| David J. Barnes, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 1999

Filed: November 23, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


David Barnes was convicted of conspiracy to distribute, and to possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846. The District Court[1] sentenced him to 135 months (eleven years and three months) in prison, and he appeals. Mr. Barnes raises three arguments, which we address in turn.

_____

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska.

1.     First, it is said that certain physical evidence seized from the defendant's apartment ought to have been suppressed. We disagree. In our view, the warrant that authorized the search was supported by probable cause. Officers had been told by one Patrick Reynolds that he, Reynolds, had seen large quantities of methamphetamine in Barnes's apartment three nights before, and that, earlier on the day the warrant was executed, Reynolds had seen Barnes in possession of methamphetamine, and Barnes had told Reynolds that he was making rounds to deliver the drug to buyers. Reynolds, the informant, identified a photograph of Barnes, pointed out his automobile, and also pointed out the apartment building, though he did not know the number of the apartment. Information about the automobile and the apartment was corroborated. Barnes argues that Reynolds should be classified as a police informant, rather than a citizen informant, and this may be true, but the issue of probable cause, which we review de novo, has to be assessed in light of all the relevant facts, see Illinois v. Gates, 462 U.S. 213 (1983). Here, the informant had first-hand knowledge of the facts, and the affidavit for the warrant made clear that he had been arrested on a drug charge, and was, therefore, not a citizen informant as that term is normally used. We have no hesitation in holding that probable cause supported the application for the warrant.

2.     The warrant authorized entry into Barnes's apartment without knocking, and the officers availed themselves of this privilege when they executed the warrant. Certainly it is true, as Barnes argues, that the "knock and announce principle is an element of the reasonableness inquiry under the Fourth Amendment." See Wilson v. Arkansas, 514 U.S. 927, 934 (1995). Here, no particularized facts, beyond the mere circumstance that drugs were to be searched for, were alleged in the affidavit in support of the no-knock authority. But even if, as Barnes argues, the no-knock aspect of the warrant was invalid, we do not see what difference this made. As it happened, nobody was in the apartment at the time, anyway, so knocking would have made no difference. The knock would not have been answered, and the officers would then have entered.

3.    Defendant argues that certain statements made by him to police while he was in custody should have been suppressed. The statements were made after Barnes had invoked his right to counsel. We hold that the statements were properly admitted, because there was no interrogation in the relevant sense of that term. The officer did no more than tell Barnes that he was going to be booked for possession of a firearm. Barnes responded that he "didn't think so," and the officer then asked him what he meant. Barnes replied that it was not illegal for him to have a gun while he was a convicted felon, and the officer told him that he was wrong. Barnes's statements were spontaneous, and the officer's remark to Barnes that he was going to be charged with possession of a firearm was a statement of fact, not the functional equivalent of interrogation.

Each of these contentions was thoroughly considered by the District Court, which acted after considering a comprehensive report and recommendation by a magistrate judge.[2] We find no error in the actions of the District Court, and the judgment is therefore

Affirmed.

A true copy.

     Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Hon. Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.