# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1549

_____

United States of America,

        Appellee,

v.

Reginald L. McGlothen,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri
\*
\*
\*

_____

Submitted:  December 11, 2008
Filed:  February 13, 2009

_____

Before LOKEN, Chief Judge, BEAM, Circuit Judge, and KYLE, District Judge.[1]

_____

BEAM, Circuit Judge.

Reginald McGlothen appeals his conviction for unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). McGlothen alleges his custodial statements made prior to receiving Miranda[2] warnings should have been suppressed. McGlothen also argues his sentence was unreasonable because the

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

district court[3] failed to consider 18 U.S.C. § 3553, failed to explain the basis for the length of the sentence, and treated the Guidelines as mandatory.  We affirm.

## I.    BACKGROUND

Kansas City, Missouri, police officers executed a search warrant on McGlothen's home after making two controlled drug buys.  McGlothen was not there at the time, but drove past the house during the search.  Officers then stopped McGlothen and brought him back to the residence.  Sergeant Huth, the officer in charge of the search, explained to McGlothen why officers were there, told McGlothen he was under arrest, and began recording biographical information for booking.  While obtaining the booking information, an officer approached Huth with a gun found in the home during the search.  Huth then explained to McGlothen that he would also be charged with being a felon in possession of a firearm.  McGlothen stated that the gun was his and he bought it for protection.  Huth told McGlothen not to say anything else because he had not been Mirandized.  McGlothen responded by saying, "I just wanted to let you know I bought it for my own protection."

Prior to trial, McGlothen moved to suppress his un-Mirandized statements, but the district court accepted the magistrate judge's[4] recommendation that the motion be denied.  At trial, the district court, over McGlothen's renewed objection, admitted McGlothen's statement that the gun was his and that he bought it for protection. McGlothen was convicted and sentenced to 262 months, the bottom of the Guidelines range. During sentencing, McGlothen argued that the Guidelines range was too harsh. In response, the district court, after reviewing the presentence investigation report,

---

[3]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

[4]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

noted McGlothen's extensive criminal history, stated that the court had to sentence him within the Guidelines, and recommended that he receive therapy for his mental and drug problems. On appeal, McGlothen renews his objection to the admission of his un-Mirandized statements, arguing that he was in custody when he made them and that presenting him with the gun was the functional equivalent of interrogation. McGlothen also appeals his sentence.

## II.   DISCUSSION

### A.   Motion to Suppress

We review a district court's factual findings for clear error and legal conclusions de novo when reviewing the denial of a motion to suppress. United States v. Londondio, 420 F.3d 777, 783 (8th Cir. 2005). Miranda warnings are required when a defendant is in custody and is being interrogated. Id. McGlothen was in custody when the contested statements were made. This case, therefore, turns on whether McGlothen was being interrogated when he made the un-Mirandized statements. Id. An interrogation includes both direct questions and "words or actions that officers should know are 'reasonably likely to elicit an incriminating response from the suspect.'" Id. (quoting United States v. Briones, 390 F.3d 610, 612 (8th Cir. 2004)). In this case, officers did not directly question McGlothen regarding the firearm. Thus, our focus is on whether the officers' words or actions were reasonably likely to elicit an incriminating response. Voluntary statements not in response to an interrogation are admissible with or without Miranda warnings. Id.

McGlothen contends that presenting him with the gun and accusing him of possessing it were actions and words reasonably likely to induce a response from McGlothen. Further, McGlothen argues that even though the statements were made during routine booking questions, Miranda still applied. Accordingly, he says, the

officers' actions were the functional equivalent of an un-Mirandized interrogation. We disagree.

We addressed similar facts in United States v. Barnes and found the officer's actions were not the functional equivalent of interrogation. 195 F.3d 1027, 1029 (8th Cir. 1999). In Barnes, a defendant moved to suppress statements made after he invoked his right to counsel. Id. After invoking this right, officers told the defendant that he was going to be booked for possession of a firearm. Id. The defendant responded by saying he "didn't think so," and officers asked what he meant. Id. In response, the defendant made incriminating statements. Id. We found the statements spontaneous and that "the officer's remark to [the defendant] that he was going to be charged with possession of a firearm was a statement of fact, not the functional equivalent of interrogation." Id. As in Barnes, the officer's words indicating that McGlothen was to be charged with possession of a firearm were statements of fact, not the functional equivalent of an interrogation. Because McGlothen was not being interrogated, Miranda warnings were not required and the district court did not err in denying the motion to suppress.

## B.    Sentencing

Typically, we review a sentence for an abuse of discretion. But when, as here, a defendant alleges procedural sentencing errors on appeal and failed to object to the errors in the district court, our review is for plain error. United States v. Burnette, 518 F.3d 942, 945-46 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008). Thus, we will reverse the sentencing court only if "there is (1) error (2) that is plain and (3) that affects the defendant's substantial rights." United States v. Guarino, 517 F.3d 1067, 1068 (8th Cir.), cert. denied, 129 S. Ct. 233 (2008).

The district court sentenced McGlothen to the bottom of the Guidelines range. Before doing so, as earlier noted, the court reviewed the presentence investigation

report (PSR), which included McGlothen's criminal, personal, and family history; physical condition; history of substance abuse; and mental health. McGlothen alleges on appeal that the district court failed to address the 18 U.S.C. § 3553 factors and to explain why the length of the sentence was warranted. Also, McGlothen argues that the district court treated the Guidelines as mandatory, as evidenced by the judge's statements that "I have to sentence you within the [G]uidelines," and that the sentence would be at the bottom of the Guidelines range because "that's the most I can do."

A district court must consider the § 3553(a) factors during sentencing. United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008). Failing to consider these factors or failing to sufficiently explain a sentence is reversible procedural error. Id. However, sentencing judges are presumed to know the law and to understand the need to consider the § 3553 factors. Id. Further, there is no need to recite each § 3553 factor; it is often enough that a judge only reference some of the factors. Id. at 944. When reviewing the sufficiency of a § 3553 analysis, we look to the entire record, not just discrete statements made during the sentencing hearing. Id.

The district judge noted the circumstances of the offense and McGlothen's criminal history, which are both factors under § 3553(a)(1). The district judge considered McGlothen's mental health issues and drug addiction and recommended treatment for both during incarceration. These are factors under § 3553(a)(2)(D). The judge then noted the sentences available, a factor in § 3553(a)(3), and sentenced McGlothen to the bottom of the Guidelines range after reviewing the PSR. While the district judge certainly could have expanded upon his § 3553 analysis, and might well say more in the future, a review of the entire record fails to support a finding of plain error in this case.

McGlothen further argues that the district court failed to explain why the length of the sentence imposed was necessary. Judges, however, are not required to detail their reasons for a sentence when merely applying the Guidelines to a case. United

States v. Petreikis, 551 F.3d 822, 824-25 (8th Cir. 2009).  How much should be said depends on the facts before the court.  Id.  While a judge must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), a full opinion need not be issued in every case.  United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008).  Rather, enough must be said to make it apparent to an appellate court that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."  Id.  If the sentence imposed is within the Guidelines and the case is not atypical, a district court may rest its decision on the Sentencing Commission's reasoning.  Id.; see also Gray, 533 F.3d at 944 (stating circumstances may make it clear "that the judge believed the case was typical, and rested his decision upon the Commission's own reasoning").  Only in an atypical case "or in response to non-frivolous arguments for a different sentence" is more required.  Roberson, 517 F.3d at 994.

In this case, the district court referred to the Guidelines range and noted in discussion of McGlothen's extensive criminal history that McGlothen's "record is just horrendous."  The judge then sentenced McGlothen to the bottom of the Guidelines range.  There is nothing unique about McGlothen's case.  Indeed, there is nothing that warrants a more detailed explanation.  It is enough that the district judge "rest[ed] his decision upon the Commission's own reasoning."  United States v. Mooney, 534 F.3d 944, 947 (8th Cir. 2008), cert. denied, No. 08-7793, 2009 WL 129265 (Jan. 21, 2009).

Finally, McGlothen argues the district court erred by viewing the Guidelines as mandatory.  It is, of course, significant procedural error to treat the Guidelines as mandatory.  Id. at 946.  But, when a district court's statements are alleged to show the court treated the Guidelines as mandatory, those statements must be "considered in their full context."  Id. at 947.  McGlothen relies on the district court's statements, "I have to sentence you within the [G]uidelines," and "that's the most I can do," to show that the court viewed the Guidelines as mandatory.  When viewed in isolation, these statements raise concerns about how the district court viewed the Guidelines.  They

were made, however, during a broader colloquy with McGlothen whereby McGlothen contended that the Guidelines range was too harsh, and the district court responded with an inquiry into McGlothen's criminal history, drug use, and mental health. Thus, when viewed in context, the district court's statements were actually a response to McGlothen's allegations and were premised on the facts of the case. So, the record viewed as a whole, makes it abundantly clear that the district judge felt he had to sentence McGlothen within the Guidelines because the facts of the case warranted such a sentence, not because he viewed the Guidelines as mandatory.

## III.   CONCLUSION

For the foregoing reasons the district court opinion is affirmed.
_____