# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3659

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Tommie Lee Akins, also known | * | |
| as Tommie Harris, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: June 12, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Tommie Lee Akins pled guilty to one count of mail fraud stemming from his receipt of social security benefits using two names and social security numbers. The Presentence Investigation Report calculated an offense level of 13 and a Criminal History Category of III, resulting in a Guidelines' range of 18 to 24 months. At sentencing, Akins did not object to these calculations, but asked the district court[1] for a departure due to his advanced age, medical problems, and low risk of recidivism, as

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

well as an overstatement of his criminal history. The district court agreed that Akins' criminal history was overstated and reduced his Criminal History Category to I, resulting in a Guidelines' range of 12 to 18 months. After listing the factors in 18 U.S.C. § 3553(a), the district court discussed the nature of the offense and Akins' medical problems, and also stated that it considered the remaining § 3553(a) factors. The court then sentenced Akins to the bottom of the Guidelines' range–12 months and one day.[2] Akins appeals, alleging the district court failed to consider the § 3553(a) factors and imposed a sentence that was substantively unreasonable.

A district court must consider the § 3553(a) factors during sentencing. United States v. McGlothen, 556 F.3d 698, 702 (8th Cir. 2009). This does not, however, require that each factor be recited and analyzed in a full opinion. Id. at 702-03. "Rather, enough must be said to make it apparent to an appellate court that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority" in light of these factors. Id. at 703 (internal quotation omitted). Here, the district court noted the nature of the offense and the need for the sentence imposed, as well as Akins' medical requirements. Thus, after reviewing the sentencing transcript, it is clear that the district court properly considered the § 3553(a) factors.

The district court did not abuse its discretion in sentencing Akins to 12 months and one day imprisonment. United States v. Washington, 515 F.3d 861, 865 (8th Cir.) (standard of review), cert. denied, 128 S. Ct. 2493 (2008). The district court accurately determined the Guidelines' range, granted Akins' request for a downward departure, and addressed several facts relevant under § 3553(a). After considering these factors, the district judge imposed a sentence at the bottom of the Guidelines'

---

[2]It is apparent the district court further provided Akins with the opportunity to reduce his sentence by adding one day to the bottom of the Guidelines' range; allowing Akins to receive up to 54 days credit for good behavior in prison, which is only available for sentences greater than one year. See 18 U.S.C. § 3624(b)(1).

range, which we may presume is reasonable.  <u>United States v. Thundershield</u>, 474 F.3d 503, 510 (8th Cir. 2007).  Thus, we find no abuse of discretion and affirm.

_____