# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1126

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    District of Nebraska.
Paul Keating,                        *
                                     *
            Appellant.               *

_____

Submitted: June 8, 2009
Filed: September 1, 2009

_____

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH, District Judge.[1]

_____

SMITH, Circuit Judge.

Paul Keating was indicted for manufacturing counterfeit currency, in violation of 18 U.S.C. § 471. Keating pleaded guilty pursuant to a plea agreement. The district court[2] sentenced Keating to 27 months' imprisonment, followed by three years of

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

supervised release, and ordered him to pay $40 in restitution. Keating appeals, alleging that his sentence is unreasonable. We affirm.

## I. *Background*

Several Lincoln, Nebraska businesses, including Kwik Shop, Walgreens, Sprint, and Verizon Wireless, reported receiving counterfeit $10 bills. After Keating was observed on video at a Kwik Shop passing one of the counterfeit bills, he came to the attention of the Lincoln Police Department and the United States Secret Service. Law enforcement officers executed a search warrant at Keating's residence and recovered drug paraphernalia, a color copier, and a straight edge razor cutting device.

Keating pleaded guilty to manufacturing counterfeit currency, in violation of § 471. He initially objected to the presentence investigation report but later withdrew that objection. The district court found Keating's advisory Guidelines range to be 24 to 30 months' imprisonment. Keating requested a downward variance to 18 months' imprisonment based on his history and characteristics. The district court denied the request and sentenced Keating to 27 months' imprisonment. This appeal followed.

## II. *Discussion*

On appeal, Keating argues that the district court erred by imposing a sentence that was greater than necessary to comply with federal sentencing concerns and by failing to properly consider the 18 U.S.C. § 3553(a) sentencing factors. A failure to consider the § 3553(a) factors constitutes a significant procedural error. *United States v. McGlothen*, 556 F.3d 698, 702 (8th Cir. 2009). The district court is presumed to know the law in regard to sentencing and need not recite each factor to be upheld. *Id.* When we review the § 3553(a) factors, we will look to the entire record. *Id.*

Keating contends that the district court failed to properly consider his need for long-term drug treatment. Section 3553(a)(2)(D) provides that the court "shall consider . . . the need for the sentence imposed . . . to provide the defendant with

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." But the district court adequately discussed this factor, as well as the other § 3553(a) factors.

First, the district court expressly considered the appropriateness of drug treatment for Keating, *see* 18 U.S.C. § 3553(a)(2)(D), stating the following:

> Insofar as your drug and alcohol use is concerned, it's longstanding, it's tough, it's going to be hard to—to fight, but I'm hopeful that you'll do everything you can to get ahold of that and control it.
>
> I will make sure that the Bureau of Prisons is mindful of how strongly I feel that you need to be in that long-term drug program. And even if you're not, there are steps you can take while you're there that will—that will help some, and might help enough to—to make a dent in the crippling that your lifestyle so far has created.

Second, the district court also considered the need "to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), explaining as follows:

> I can't change you, but I can do everything I can do to give you the opportunity to change. And I think that means a substantial term of imprisonment, not just for punishment. You need—need to have some punishment, because you need to understand that when you do things like defrauding the government, you need to feel some sting for it.

Third, the district court addressed the need to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), concluding that imprisonment was necessary to deter "other people who may be tempted to do the same kind of things you've done."

At the sentencing hearing, Keating asked the district court to vary from the Guidelines because he is 35 years old and has undergone substance abuse treatment several times. On appeal, he argues that the district court did not consider these facts. But we have held that where the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors. *United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007). In *Miles*, the defendant argued that the district court failed to adequately consider the § 3553 factors. *Id*. at 908. We disagreed, stating:

> Because the sentencing record demonstrates that the district court heard extensive arguments from [the defendant's] counsel and the government, it is apparent from the record that the district court properly considered [the defendant's] mental health, his history of drug addiction, his request for drug treatment, and his mother's health issues, in determining that the sentence of 70 months was a proper sentence. The district court also heard [the defendant's] counsel's verbal reminder that the Guidelines are advisory in nature. Likewise, the district court heard and considered the government's arguments with respect to the nature and circumstances of the offense and [the defendant's] criminal history.

*Id*. at 909 (internal citation omitted). Just as in *Miles*, the district court heard Keating's argument as to his age and history of substance abuse treatment. After Keating asked the court to consider his substance abuse treatment, the district court responded, "[i]nsofar as your drug and alcohol use is concerned, it's longstanding, it's tough, it's going to be hard to—to fight . . . ." The district court also stated, "I will make sure that the Bureau of Prisons is mindful of how strongly I feel that you need to be in that long-term drug program." Because the sentencing record demonstrates that the district court heard Keating's arguments pertaining to his age and his history of substance abuse, the court properly considered those facts.

Keating also makes a cursory argument attacking the overall reasonableness of the sentence. In reviewing the sentence for reasonableness, we will apply "a standard

akin to abuse of discretion." *United States v. Gallegos*, 480 F.3d 856, 858 (8th Cir. 2007). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Phelps*, 536 F.3d 862, 868 (8th Cir. 2008) (quoting *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008)). Here, the 27-month sentence imposed fell within the Guidelines range of 24 to 30 months. Keating has offered neither convincing evidence nor a persuasive argument that this sentence is unreasonable. On this factual record, because the court considered the § 3553(a) factors and imposed a sentence within the Guidelines range, it did not commit error.

III. *Conclusion*

Accordingly, the district court is affirmed.

_____