# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1604

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Eastern District of Missouri.
Shelton Larkin,                      *
                                     *   [UNPUBLISHED]
            Appellant.               *

_____

Submitted:  November 16, 2009
Filed:  December 21, 2009

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shelton Larkin appeals from the sentence imposed by the district court[1] after revocation of his supervised release, arguing that the court erred and imposed an unreasonable sentence.  We affirm.

In 2002, Larkin pleaded guilty to possession with intent to distribute more than five grams of cocaine and was sentenced to 100 months' imprisonment, to be followed by five years of supervised release.  After having his sentence reduced pursuant to 18

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

U.S.C. § 3582, Larkin began serving his term of supervised release on August 1, 2008. The St. Louis City Police arrested Larkin on November 4, 2008, charging him with unlawful use of a weapon and drug trafficking in the second degree. Following a hearing, the district court revoked Larkin's supervised release and imposed a sentence of thirty months' imprisonment and an additional thirty months of supervised release.

After reviewing the record, we conclude that the district court did not commit procedural error or impose an unreasonable sentence. The district court correctly computed the applicable guideline range, and Larkin does not argue that the court failed to recognized its discretion in imposing a sentence. The court also noted a number of factors that influenced its sentencing decision, including the following: Larkin committed a crime while on supervised release; Larkin's crime was serious and not merely a technical violation of the conditions of his release; Larkin committed the new crime within months of being released from prison; and the public expects the court to take seriously its supervisory role and act appropriately when individuals fail to abide by the terms of their supervised release.

The record thus belies Larkin's contention that the district court insufficiently explained the sentence. Moreover, we agree with the government that Larkin failed to preserve the error because he objected only on the basis that the court had given insufficient weight to certain factors under 18 U.S.C. § 3553(a), rather than on the ground that the court failed to explain its sentence. Larkin has not demonstrated error, much less plain error. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) (holding that sentencing errors are forfeited, and thus subject only to plain error review, if no objection is made in the district court); United States v. McGlothen, 556 F.3d 698, 703 (8th Cir. 2009) ("If the sentence imposed is within the Guidelines and the case is not atypical, a district court may rest its decision on the Sentencing Commission's reasoning."). We also conclude that the district court did not abuse its discretion in imposing a thirty-month sentence, as the sentence is within the guideline range and was based on relevant factors under § 3553(a), in particular the seriousness

of the violation and the fact that it was committed shortly after Larkin had begun serving his term of supervised release.  See United States v. Wynn, 553 F.3d 1114, 1119 (8th Cir. 2009) (standard of review).

The judgment is affirmed.

_____