# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3033

_____

United States of America,                *

                                *

        Plaintiff - Appellee,     *

                                *

     v.                    *   Appeal from the United States

                                *   District Court for the

Robert E. Newsome, Jr., also known  *   Western District of Missouri.

as 7,                       *

                                *   [UNPUBLISHED]

        Defendant - Appellant.    *

_____

Submitted: June 18, 2010
Filed: June 22, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert E. Newsome, Jr., was convicted of assault with intent to rob a post office and the use of a firearm during a crime of violence. 18 U.S.C. §§ 2114(a), 924(c). Newsome asserts that the evidence was insufficient to support his convictions, that the district court judge erred at sentencing, and that he was denied effective assistance of counsel. We affirm.

We review a challenge to the sufficiency of the evidence de novo, considering the facts in the light most favorable to the guilty verdict and overturning the

convictions only where "no reasonable jury could have found [the appellant] guilty beyond a reasonable doubt." United States v. Bell, 477 F.3d 607, 613 (8th Cir. 2007).

On May 12, 2007, Newsome robbed a post office in Kansas City, Missouri with two accomplices. One of them, Jesse Cardell Melton, testified that the robbery was Newsome's idea, that he provided guns to facilitate the robbery, and that he made a false 911 report to distract the police while the group was en route to the post office. Newsome's role in the robbery was to wait outside by the car while Melton removed cash and money orders from three cash drawers and the other accomplice contained the postal clerks and customers. Marie Mosley, a post office customer, attempted to escape from the scene but was assaulted by Newsome in the parking lot. According to Mosley,[1] Newsome carried a gun and demanded her car keys. When she told him that she had no car keys and was a "mother and grandmother," Newsome responded, "Bitch shut up." He then struck her on the back of the head. Mosley identified Newsome in a photo line up, and her description of his car comported with Melton's testimony about the vehicle used for the robbery.

Newsome argues that the government did not meet its burden of proof because only Melton offered direct testimony about his presence at the scene of the crime. It is well established that "uncorroborated accomplice testimony is sufficient to sustain a conviction[.]" United States v. Bounmy, 403 F.3d 1018, 1020 (8th Cir. 2005). Newsome's convictions were supported by an abundance of additional record evidence beyond Melton's testimony and Mosley's statements, however. Newsome's friend Sonia Gwin testified that four days after the robbery he asked her to cash a blank money order from the post office. When police sought to apprehend Newsome, he attempted to flee. The car in which Newsome was apprehended contained

---

[1]Mosley died a few months after the robbery and therefore did not testify at trial, but her statements from several police interviews were admitted without objection.

identification belonging to Melton and was registered to the other accomplice. Annika Porter, at whose home the robbery was planned, testified that she saw Newsome and his accomplices together before and after the robbery. She and three other witnesses identified Newsome's voice on the 911 phone calls. The evidence was more than sufficient to sustain Newsome's convictions.

Newsome argues that the district court committed procedural error by not explaining the reasons for his 360 month sentence under 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 50-51 (2007). We review this claim under a plain error standard because Newsome failed to object in the district court. United States v. Rodriguez-Ceballos, 407 F.3d 937, 940 (8th Cir. 2005). We consider "the entire sentencing record, not merely the district court's statements at the hearing." United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008).

At sentencing, the government elaborated on a number of § 3553(a) factors including Newsome's role orchestrating the robbery and his history, and noted that the parties had discussed the factors in chambers just prior to the hearing. The district court judge agreed with the government's characterization of the § 3553(a) factors and stated, "I figured all that." "We do not require a mechanical recitation of the § 3553(a) factors when, as here, it is clear the district court properly considered those factors." United States v. Villareal-Amarillas, 562 F.3d 892, 898-99 (8th Cir. 2009). In addition, Newsome was sentenced at the bottom of his advisory guideline range. "Judges are not required to detail their reasons for a sentence when merely applying the Guidelines to a case." United States v. McGlothen, 556 F.3d 698, 702 (8th Cir. 2009).

We decline to consider Newsome's next claim that he received ineffective assistance of counsel. Newsome argues that his attorney failed to make proper evidentiary objections because he was "inhibit[ed]" by the conduct of the district court

judge, who allegedly slept during the trial and twice uttered a profanity ("Godammit it"). Ineffective assistance claims are generally best litigated in a 28 U.S.C. § 2255 proceeding, however.

Accordingly, the judgment of the district court is affirmed.

_____