# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3350

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Julian Benitez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following a guilty plea, the district court[1] sentenced Julian Benitez to 168 months' imprisonment. Benitez appeals, arguing that the district court failed to adequately explain the sentence and incorrectly calculated the amount of drugs attributable to him. For the following reasons, we affirm.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

On April 23, 2009, Julian Benitez pleaded guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Following the guilty plea, a presentence investigation report (PSR) was prepared. The PSR found Benitez to be accountable for 10.88 kilograms of methamphetamine. The PSR based this amount on a Mirandized statement given to the police by Sara Lewis-Goetz, a codefendant, who stated that she had observed Benitez in possession of four to five pounds of methamphetamine at least six to eight times. Using the lowest quantities given by Lewis-Goetz (four pounds on six occasions), the PSR calculated an amount of 10.88 kilograms. Benitez objected to the calculation arising from Lewis-Goetz's statement, arguing that the amount was an estimation and that when Lewis-Goetz made the statement to police she was a user of illegal substances to the degree that her perception was altered and unreliable. In paragraph 26, the PSR also noted that Lewis-Goetz's boyfriend, Luman Holloway, told police that he had purchased approximately 50 pounds of methamphetamine (22.68 kilograms) from Benitez, but because Holloway did not make a sworn statement, the PSR did not include that amount in calculating quantity of drugs to determine Benitez's base offense level. Benitez did not object to Holloway's statement, contained in paragraph 26 of the PSR.

Benitez renewed his objections to the drug quantity in his sentencing memorandum and at the sentencing hearing. At the sentencing hearing on September 17, 2009, the Government offered to present the live testimony of Lewis-Goetz to establish drug quantity, but Benitez's counsel indicated that there was no dispute that the officers questioned Lewis-Goetz and that the PSR reflected that. The district court then noted Benitez's objection and overruled it, explaining that if the officers or Lewis-Goetz were called to testify, they would testify in accordance with what was in the PSR. The district court thus found Benitez liable for 10.88 kilograms of methamphetamine, with a base offense level of 36. Following adjustments, the district court calculated a total offense level of 35 with a criminal history category of I, for an advisory guidelines sentencing range of 168 to 210 months' imprisonment. Benitez

argued in both his sentencing memorandum and at the sentencing hearing that he should be sentenced to the statutory mandatory minimum of 120 months' imprisonment, but the district court imposed a sentence of 168 months, at the bottom of the advisory guidelines range. Benitez appeals his sentence.

Benitez first argues that the district court failed to adequately explain the sentence imposed. Normally we review a sentence for abuse of discretion. See United States v. McGlothen, 556 F.3d 698, 702 (8th Cir.), cert. denied, 129 S. Ct. 2812 (2009). However, when a defendant alleges a procedural error raised for the first time on appeal, we review for plain error. Id. Benitez must establish that the district court committed an error that is plain and affects Benitez's substantial rights. See id. We will reverse only if these conditions are met and the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotations omitted).

In determining whether a district court considered the relevant factors, we review "the entire sentencing record, not merely the district court's statements at the hearing." United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008). The entire sentencing record included the PSR, Benitez's sentencing memorandum, and the arguments made at the sentencing hearing. Contained within these documents was a thorough discussion of the facts of the case, and all of the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, Benitez's history and characteristics, the need to protect the public, the need for deterrence, Benitez's need for educational and vocational training, and his history of drug abuse. At the sentencing hearing, when the Government indicated that it believed a within-guidelines sentence was warranted, the district court noted that it had reviewed Benitez's sentencing memorandum requesting a 120-month sentence and allowed Benitez's attorney another opportunity to argue for the below-guidelines sentence. After listening to the arguments from both parties, the district court stated that it understood Benitez's position but decided to "follow the guidelines" and impose a sentence of 168 months' imprisonment. (Sent.

Tr. at 9.) In explaining the sentence, the district court specifically noted that it was "imposed considering the Sentencing Reform Act of 1984, using the Guidelines as advisory, considering the factors under 18 U.S.C. [§] 3553." (Sent. Tr. at 12.)

We have previously explained that a district court is "not required to detail [its] reasons for a sentence when merely applying the Guidelines to a case." McGlothen, 556 F.3d at 702. A district court must say enough "to make it apparent to an appellate court that the district court 'considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority.'" Id. at 703 (quoting United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008)) (alterations omitted). "If the sentence imposed is within the Guidelines and the case is not atypical, a district court may rest its decision on the Sentencing Commission's reasoning." Id. Here, there is nothing particularly unique about this case that would necessitate a more thorough explanation. The district court was aware of its ability to impose a below-guidelines sentence, was aware of Benitez's arguments in favor of a 120-month sentence, and was aware of the facts surrounding the case. Benitez failed to prove that the district court committed any error, much less plain error, in failing to adequately explain the sentence. See id. at 702.

Benitez also argues that the district court erred in calculating the drug quantity attributable to him for sentencing purposes. Determinations of drug quantity are factual findings that we review for clear error. United States v. Spencer, 592 F.3d 866, 881 (8th Cir. 2010). We affirm the district court's drug-quantity determinations unless we are firmly convinced by the entire record that a mistake has been made. United States v. Montes-Medina, 570 F.3d 1052, 1058 (8th Cir. 2009).

At the sentencing hearing, the Government's attorney explained that he had told Benitez's counsel that Lewis-Goetz could be brought in to testify as to the drug quantity and Benitez's counsel responded that it was not necessary. Benitez's counsel explicitly stated that it was not necessary to bring in the witness because they "would

be able to proceed with arguments of counsel on that" and she "[didn't] dispute that the officers questioned . . . [Lewis-Goetz] and that's what probation relied upon, and what's reflected in the presentence report is the basis of that report." (Sent. Tr. at 5.) After hearing from the parties, the district court overruled Benitez's objection to the drug quantity "on the basis that if the officers and/or the codefendants would be called to testify, they would testify in accordance with what is in the reports and the statements they've already given, and that's the basis for the information in the offense conduct in the presentence report." (Sent. Tr. at 5-6.)

Now, however, Benitez apparently argues that the Government should have presented live testimony from Lewis-Goetz. First, any objections Benitez made to Lewis-Goetz's statements in the PSR appear to go more to the weight that should be given to the statement, as opposed to the facts contained in the statement. Benitez's objections were that the amount was an estimation and that Lewis-Goetz's statement was unreliable because she was a user of illegal substances to the degree that her perception was altered. These objections question Lewis-Goetz's credibility; they do not posit that the substance of Lewis-Goetz's testimony at the sentencing hearing would have differed from her statement in the PSR. Moreover, while Benitez's counsel claimed she was preserving the objection, she said that the Government did not need to bring in the witness to testify as to the quantity (which the Government was willing to do and could have easily done), and she stated that the parties could simply rely on the record in making their arguments. If she wanted to put the Government to a test of its evidence and have the district court make an in-person credibility assessment of Lewis-Goetz, she should have insisted that the Government bring the witness in to testify as to the amount. It would be inappropriate now to grant a resentencing hearing when the defendant declared at sentencing that the Government need not present a live witness to prove the quantity but later challenges the sentence based on the lack of such testimony.

Further, even if the district did clearly err in relying on the amount Lewis-Goetz attributed to Benitez, it could have relied on the amount Holloway attributed to Benitez as reported in paragraph 26 of the PSR. The PSR stated that Holloway attributed 22.68 kilograms to Benitez, and Benitez did not object to this statement. We have previously explained that "'unless a defendant objects to specific factual allegations contained in the PSR, a district court may accept the facts as true for purposes of sentencing.'" United States v. Munoz, 324 F.3d 987, 992 (8th Cir. 2003) (quoting United States v. Young, 272 F.3d 1052, 1055 (8th Cir. 2001)). Because Benitez did not object to Holloway's statement within the PSR, the district court could have relied upon the amount Holloway attributed to Benitez in calculating drug quantity.

The district court did not clearly err in calculating the drug quantity, and after reviewing the entire record, we are not left with a firm conviction that a mistake has been made. See Montes-Medina, 570 F.3d at 1058.

Accordingly, the judgment of the district court is affirmed.

_____