# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2000

_____

United States of America,

        Appellee,

vs.

Eliseo Alvarez, Sr.,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: January 14, 2011
Filed: January 20, 2011

_____

Before MURPHY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Eliseo Alvarez, Sr. pled guilty in Missouri state court to felony possession of marijuana, a violation of the conditions of his term of federal supervised release. The district court[1] revoked his release and ordered him to serve twenty one months' imprisonment. Alvarez now appeals. We affirm.

The district court heard argument from Alvarez's counsel concerning his history and characteristics, including his success at work and in a substance abuse treatment

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

program and the responsibility he had shown as a homeowner, taxpayer, husband, and father. Counsel also noted the probation officer's surprise that Alvarez had violated his supervised release. Alvarez requested a sentence of "one day time served," well below his guideline range of fifteen to twenty one months.

In explaining its reasons for imposing a twenty one month sentence, the district court acknowledged that defense counsel had "[made] a lot of good arguments" and that the presentence report contained "a lot of nice things." Ultimately, however, the district court "[couldn't] get past [the] ten pounds" of marijuana Alvarez had possessed. To the district court, Alvarez was "not even in the ballpark" for a below guideline sentence.

Alvarez argues for the first time on appeal that the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) and he was sentenced solely on the circumstances of his offense. He asks for a remand for resentencing. We review for plain error, reversing only if we find "(1) error (2) that is plain and (3) that affects the defendant's substantial rights." United States v. McGlothen, 556 F.3d 698, 702 (8th Cir. 2009).

We presume that sentencing judges "understand their obligation to consider all of the § 3553(a) factors." United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008). In reviewing the adequacy of a district court's consideration of the § 3553(a) factors, we take into account whether defense counsel and the presentence report presented information relevant to those factors as they both did here. See id. at 945. The district court mentioned several of the § 3553(a) factors, including public safety and appellant's criminal history. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). It also mentioned the applicable guideline range and relevant policy statements. Id. §§ 3553(a)(4)–(5). It acknowledged defense counsel's "good arguments" about her client's history and characteristics. Id. § (a)(1).

In imposing a sentence within the guideline range, the district court was entitled to "rest its decision on the Sentencing Commission's reasoning." McGlothen, 556 F.3d at 703. Had the district court chosen to vary from the guidelines, it indicated it would have varied upward rather than downward. Under these circumstances, Alvarez cannot show that but for some alleged procedural error, he "would have probably received a more favorable sentence." United States v. Guarino, 517 F.3d 1067, 1069 (8th Cir. 2008). The district court did not plainly err.

The judgment of the district court is affirmed.

_____