BEAM, Circuit Judge, specially
concurring.
I write separately in support of the sentencing judge’s thoughtful and well-reasoned “special condition of supervised release” at issue in this appeal and to respectfully, but firmly, reject the dissent’s critical analysis of the sentencing court’s judgment in that regard. A single phrase within the district court’s work product is ultimately involved.
I commence with a diagram highlighting the substantive portions of the wordage at issue — “The Defendant shall neither possess nor have under his control any material, legal or illegal, that contains [ (1) ] child pornography, or [ (2) ] photographic depictions of [ (a) ] child nudity or of [ (b) ] children engaged in any sexual activity.” Because the dissent purports to be “trouble[d] ... on so m'any levels” by the district court’s ruling, it is not easy to identify the depth and breadth of its trepidation. Commonsense and the dissent’s extensive emanations seem to indicate, however, that the source of the dissent’s angst is found among only a few words within the special condition — The Defendant shall neither possess nor have under his control any legal material that contains photographic depictions of child nudity.
By way of example, the dissent refers specifically to Raphael’s “Madonna with the Christ Child,” Raphael’s “Saint John the Baptist,” Bouguereau’s “Birth of Venus,” and the vintage Coppertone baby ad. My conclusion as to source emerges from the belief that the dissent does not (or at least should not) object to this convicted felon and acknowledged sexual predator being prohibited from receipt and possession of illegal material of any kind or of “child pornography.” See 18 U.S.C. § 2256(1), (8)(A), (C) (defining child pornography as enumerated materials containing minors under the age of eighteen years); see also Black’s Law Dictionary 1279 (9th ed. 2009) (defining child pornography as “[mjaterial depicting a person under the age of 18 engaged in sexual activity”). Indeed, such pornography pos *379 session, depending upon applicable statutory elements, is usually a federal crime and its intrinsic expression is ordinarily not protected by the First Amendment. Likewise, it seems counterintuitive to believe that the dissent supports possession and control of photographic depictions of children engaged in sexual activity, at least by this particular offender.
Thus, I turn to the single limiting phrase presumably at issue. To begin, I find no precedent, and the dissenting judge cites none, that supports the dissent’s argument, post at 381-82, that because a limitation focuses upon only one aspect of an issue, all limitations on the issue must be banned. Such an idea is particularly pernicious when child nudity and sexual predation directed at pre-pubescent or barely post-pubescent children may be intertwined in a given situation. The dissent’s approach would apparently permit a pedophile to view photographic depictions of child nudity without restraint because limitations on viewing “a toddler” bathing and other similar non-photographic exposure to child nudity are not also prohibited.
Next, and of even more importance, the dissent’s evaluation of the harmlessness of the possession of legal photographic depictions of child[3] nudity by a sex offender of any stripe is not widely shared. Indeed, as with most matters of this kind there is substantial reasoned disagreement. Some, if not many, observers believe that even pre-pubescent depictions are a serious problem among a range of sex offenders, possibly even those with Mr. Kelly’s known propensities. A pedophile may derive sexual satisfaction from innocuous situations, publications, or places. Duane L. Dobbert, Halting the Sexual Predator Among Us: Preventing Attack, Rape, and Lust Homicide 66 (2004). To this end, a pedophile may derive sexual gratification from a department store catalog. Id. And, seemingly, there is no bright-line rule in the pre- and post-pubertal process that highlights the boundaries of sexual interest by various sexual predators. See Ray Blanchard et al., Pedophilia, Hebephilia, and the DSM-V, 38 Arch, of Sex. Behav. 335, 336, 348 (2009). Thus, I reject the dissent’s notion that expert testimony was needed to establish that Mr. Kelly will or will not reoffend if exposed to depictions of nude children. See United States v. Kerr, 472 F.3d 517, 521 (8th Cir.2006). Given the discretion afforded a district court, I see no error in exercising prudence within constitutional bounds. See United States v. Wiedower, 634 F.3d 490, 497 (8th Cir.2011) (allowing prohibition of both child and adult pornography, even though the defendant’s offenses only related to child pornography). And, a district court may depend upon a wide range of information in its sentence decisionmaking, see United States v. Schlosser, 558 F.3d 736, 740 (8th Cir.2009), and need not explain its entire thought process, see United States v. McGlothen, 556 F.3d 698, 703 (8th Cir.2009). As long as it is apparent that the district court “considered the parties’ arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority,” the district court has fulfilled its duties. Id. (alterations in original) (quotation omitted).
Finally, as with all portions of the sentencing exercise, a sentencing court that operates within the sentencing guidelines *380 and within its institutional strengths is accorded deferential abuse of discretion in formulating conditions of supervised release. Kimbrough v. United States, 552 U.S. 85, 109, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).
The district court was well within its ample discretion in fashioning this particular requirement.

. "At common law, [a child is] a person who has not reached the age of 14.” Black’s Law Dictionary 271 (9th ed. 2009); see also United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir.1987) (highlighting difference between federal statute defining child as someone under eighteen years of age and state statute defining child as someone under sixteen years of age).