# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1538

_____

United States of America

*Plaintiff - Appellee*

v.

Louis Jon Norris, also known as LJ

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 10, 2018
Filed: February 2, 2018
[Unpublished]

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Louis Norris appeals a within-Guidelines sentence. He argues that the district court[1] failed to adequately explain its sentencing decision, and that the sentence is substantively unreasonable.

Norris pleaded guilty to two counts of being a felon in possession of a firearm. During the arrest that led to those convictions, Norris hit, choked, and threatened to shoot a police officer.

At sentencing, the district court recited the 18 U.S.C. § 3553(a) factors and explained that it was concerned with Norris's "history of assaultive behavior." The court listed Norris's previous assault convictions before concluding that the current offense was "yet another very serious assaultive conviction in which an arresting officer was the victim for that particular concern about repeated assaultive behavior." The court then sentenced Norris to 235 months, the top of his uncontested Guidelines range. After sentence was imposed, Norris objected that it was unreasonable but did not request additional explanation.

Norris argues that the district court did not adequately explain its chosen sentence. When a defendant's sentencing range spans more than 24 months, the court is required to "state in open court . . . the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). "How much should be said depends on the facts before the court"—"a full opinion need not be issued in every case." United States v. McGlothen, 556 F.3d 698, 702–03 (8th Cir. 2009). Because Norris did not object to the district court's explanation at sentencing, we review only for plain error. United States v. Bistrup, 449 F.3d 873, 883 (8th Cir. 2006). The district court explained that its sentencing determination was driven by Norris's history of assaultive behavior, including his assault on a police officer in this

[1]The Honorable Steven N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

-2-

case. Norris complains that the written statement of reasons—which stated that the sentence "is sufficient to address the sentencing objectives of just punishment, general deterrence, and incapacitation"—was insufficient, but he fails to acknowledge the court's more detailed explanation at the sentencing hearing. We find no plain error in that explanation. See id.

Norris also argues that his 235-month sentence is substantively unreasonable. We review for an abuse of discretion, and may presume that a within-Guidelines sentence is reasonable. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quotations omitted). Norris argues that the court failed to consider certain relevant factors like his personal history and "what actually happened," rather than what could have happened, during his offense conduct, and gave too much weight to his history of committing assaults. He also argues that the court should have run his federal sentence concurrently with pending state-court sentences. The district court stated that it had considered all of these factors, and we find no basis for concluding that the district court abused its discretion when imposing a within-Guidelines sentence in this case. The district court considered the relevant factors, did not give significant weight to any improper factor, and did not commit a clear error of judgment.

For these reasons, we affirm.

_____