# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4521

_____

United States of America

*Plaintiff - Appellee*

v.

George E. Reed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 11, 2017
Filed: April 13, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

George Reed pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). The district court[1] sentenced Reed to 188 months'

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

imprisonment, followed by five years of supervised release. Reed appeals and contends for the first time that the district court committed three procedural errors during sentencing. He also challenges the substantive reasonableness of his sentence. We affirm.

I. *Background*

In May 2016, Reed, armed with a rifle, entered First State Community Bank in Risco, Missouri, and approached two bank tellers. He told the tellers to back away from their stations, went around the teller window, and took cash from two drawers. Reed then escorted the two workers to the bank vault and commanded one of the tellers to enter the access code. The initial attempt failed, and Reed threatened to put a bullet through the teller's head. The vault eventually opened, and Reed ordered both tellers to face a wall on their knees, threatening to shoot them if they failed to comply. Reed then went into the vault, took some money, placed the currency into a backpack bearing a distinctive design, and fled the bank. Reed took a total of $48,710 from the bank, some of which was "bait" currency. Bait currency has recorded serial numbers to aid in identification and tracking following theft.

As Reed fled the scene, one of the tellers observed that he drove away in a white Lincoln Town Car. She reported this detail to the police, along with Reed's description and his distinctive backpack. Other witnesses corroborated the teller's description of Reed. These witnesses also supplied additional details of the getaway car. Officers soon located a Lincoln Town Car matching the witnesses' description in a nearby town. They took pictures of the vehicle. Upon witness confirmation of the car, officers quickly surrounded the residence and made contact with Reed. The officers searched Reed and discovered $1,663 and seven grams of methamphetamine. Three of the bills were prerecorded "bait" bills.

Officers then obtained and executed a search warrant for the house that Reed occupied. The search uncovered Reed's distinctive backpack, which contained

$46,500. The officers also recovered an additional $50 bill from the car. In total, they recovered $48,333. Law enforcement also found the rifle that Reed carried into the bank, which turned out to be a BB gun.

Reed pleaded guilty to bank robbery. At the change-of-plea hearing, Reed informed the district court that although he previously suffered a stroke, he was "in fairly good health" and that he was not under the care of a physician or psychiatrist. Change-of-Plea Hearing Transcript at 4, *United States v. Reed*, No. 1:16-cr-00066-SNLJ-1 (E.D. Mo. Sept. 6, 2016), ECF No. 46. Reed stated that he had prescription medications for high blood pressure and high cholesterol, and the district court assured Reed that it would "ask the marshals to look into the matter of making sure that [he had his] medications that [were] prescribed to [him]." *Id.* at 5.

At sentencing, the district court adopted the facts of the undisputed presentence investigation report (PSR). Reed asked the court for leniency, citing his remorse and his history of community service. The court then recounted Reed's extensive criminal history and its consideration of all the 18 U.S.C. § 3553(a) factors. In light of Reed's history and personal characteristics, the court chose to sentence Reed at the bottom of the applicable Guidelines range—188 months—and then stated, in pertinent part,

> You know, you say you needed money when you robbed this bank, but you took $48,000. Surely you didn't need that much. But, on the other hand, all you had was a BB gun, and nobody got hurt apparently. *I'm just not willing to go lower than the guidelines, though, because of your extensive criminal history*.

Sentencing Hearing Transcript at 9, *United States v. Reed*, No. 1:16-cr-00066-SNLJ-1 (E.D. Mo. Dec. 6, 2016), ECF No. 47 (emphasis added). He received a three-point reduction for acceptance of responsibility. With an offense level of 31 and a criminal history category VI, Reed's recommended Guidelines range was 188 to 235 months. The district court sentenced Reed to 188 months' imprisonment.

## II. *Discussion*

In this appeal, Reed argues that the district court procedurally erred by: (1) failing to consider relevant factors under 18 U.S.C. § 3553(a); (2) imposing a sentence based on a clearly erroneous fact; and (3) neglecting to provide an adequate explanation of his sentence. Additionally, Reed asserts that his sentence is substantively unreasonable.

## A. *Procedural Sentencing Errors*

We address first Reed's allegations of sentencing procedural errors. "[W]e apply a deferential abuse-of-discretion standard" of review to the district court's sentencing decisions. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). Here, because Reed raises questions of procedural error for the first time on appeal, we review for plain error. *United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008) (citation omitted). Before we can grant plain-error relief,

> there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

## 1. *Failure to Consider Relevant 18 U.S.C. § 3553(a) Factors*

Reed says that the district court failed to consider his medical needs, as required by § 3553(a)(2)(D). He also says that the court ignored a pertinent policy statement issued by the United States Sentencing Commission, as compelled by § 3553(a)(5)(A), because the court ignored the Commission's report to Congress concluding that career

drug traffickers—such as Reed—should not be subjected to significant increases in prison sentences.[2] Both arguments lack merit.

"A failure to consider the § 3553(a) factors constitutes a significant procedural error." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009) (citing *United States v. McGlothen*, 556 F.3d 698, 702 (8th Cir. 2009)). But, we presume the district court to know the law, and we do not require recitation of each factor. *Id.* (citation omitted).

Reed's assertion that the district court failed to consider his medical needs in setting an appropriate sentence is not supported by the record. *See id.* ("When we review the § 3553(a) factors, we will look to the entire record." (citation omitted)). The district court imposed Reed's sentence fully cognizant of his health status. Reed himself apprised the court that he was in fairly good health despite having suffered a stroke and required no other treatment other than medications for high blood pressure and high cholesterol.

As to his § 3553(a)(5)(A) argument, Reed's reliance on the Sentencing Commission's report is misplaced. The report was not a policy statement. Policy statements "clarif[y] 'the appropriate use of . . . sentence modification' proceedings." *United States v. Harris*, 688 F.3d 950, 956 (8th Cir. 2012) (ellipsis in original) (quoting *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011) (quoting 28 U.S.C. § 994(a)(2)(C))). In this case, the Commission, in issuing the report, attempted to

---

[2]*See* United States Sentencing Commission, *Report to the Congress: Career Offender Sentencing Enhancements* (Aug. 2016) at 3, http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf ("Drug trafficking only career offenders are not meaningfully different from other federal drug trafficking offenders and should not categorically be subject to the significant increase in penalties required by the career offender directive.").

convince Congress to amend the career offender directive to exclude career non-violent drug traffickers.[3] The Sentencing Commission itself issued no pertinent policy statement with regard to career drug offenders within the meaning of § 3553(a)(5)(A).

After reviewing the entire record, we are satisfied that the district court considered all the relevant § 3553(a) factors, including Reed's medical needs and pertinent policy statements. We find no plain error.

### 2. *Imposition of Sentence Based on a Clearly Erroneous Fact*

Reed claims that the district court relied on an unsupported and clearly erroneous fact in imposing his sentence. He contends that the district court committed reversible error when the court based his sentence on a finding that Reed did not need $48,000 when he robbed the bank.

Reed is wrong. Not every observation made by the district court at a sentencing hearing is a finding of fact. Here, Reed himself told the district court that he robbed the bank because he was in dire need of money. The court then discussed the

---

[3]The report states:

> Consistent with these findings, the Commission has concluded that the career offender directive is best focused on those offenders who have committed at least one "crime of violence." *The Commission recommends that Congress amend the directive to reflect this principle by no longer including those who currently qualify as career offenders based solely on drug trafficking offenses.* These reforms would help ensure that federal sentences better account for the severity of the offenders' prior records, protect the public, and avoid undue severity for certain less culpable offenders.

*Report to the Congress: Career Offender Sentencing Enhancements* at 3 (emphasis added).

§ 3553(a) factors and pronounced the sentence, using the undisputed PSR factual findings. Only *after* imposing the sentence did the district court remark that "[s]urely [Reed] didn't need that much" money. Sentencing Hearing Transcript at 9. Read in context, it is apparent the court was not making a judicial finding of fact relative to Reed's financial condition. We conclude that the court made no factual findings regarding Reed's financial status, and the court did not base Reed's sentence on its after-the-fact reply to Reed's comment. The court's calculation of the Guidelines range came directly from the undisputed facts laid out in the PSR. Consequently, we find no error.

### 3. *Inadequate Explanation of Sentence*

Reed next faults the district court for failing to provide an adequate explanation of his sentence. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Parker*, 871 F.3d 590, 608 (8th Cir. 2017) ("[W]here a matter is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and arguments, the law does not require the judge to write or say more.") (alteration in original) (quoting *United States v. Chavarria–Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016)).

This case is simple: Reed pleaded guilty to bank robbery and his status as a career offender warranted an enhanced sentence. The district court considered Reed's medical needs and other relevant penal concerns and explained why it concluded that sentencing Reed at the bottom of the Guidelines range was appropriate. We find no error—plain or otherwise—with the district court's explanation.

### B. *Substantive Reasonableness of Sentence*

Reed asserts that his sentence was substantively unreasonable because the district court improperly weighed the sentencing factors. He contends that the court

should have placed more weight on his low likelihood of recidivism due to his age and should have placed no weight on his assumed financial condition.

We are unpersuaded by Reed's substantive reasonableness arguments. "[A] within-Guidelines sentence is [presumed] reasonable." *Parker*, 871 F.3d at 609 (quoting *Peugh v. United States*, 569 U.S. 530, 537 (2013)). Reed "bears the burden to rebut the presumption." *United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014) (citation omitted). "[S]ubstantive appellate review in sentencing cases is narrow and deferential," and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464 (quotation omitted).

Here, the district court did not discuss recidivism at the sentencing hearing. But, the court acknowledged that it read Reed's sentencing memorandum in which he made the recidivism argument. We presume that the district court considered the arguments even if the court did not address them expressly. *See United States v. Beyers*, 854 F.3d 1041, 1043 (8th Cir. 2017) ("'[W]here the district court heard argument . . . about specific . . . factors, we may presume that the court considered those factors' even if the court did not address them expressly.") (ellipses and alteration in original) (quoting *Keating*, 579 F.3d at 893). Further, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (citations omitted). Our review of the record shows that the district court took its time and considered carefully Reed's sentence. Indeed, the district court expressly noted that it had originally intended to sentence Reed at the top of the range, but after further consideration, the court sentenced Reed at the low end of the range, taking into account his personal characteristics. The district court refused to vary downward from the Guidelines because of Reed's extensive criminal history.

The district court properly weighed all relevant factors in this case. Reed's within-Guidelines sentence is substantively reasonable, and we find no abuse of discretion by the district court.

III. *Conclusion*

For the reasons stated above, we affirm.

———————————————