# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2248

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Michael R. Petreikis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 10, 2008
Filed: January 8, 2009

_____

Before MURPHY, RILEY, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

After Michael R. Petreikis (Petreikis) violated the terms of his supervised release, the district court[1] sentenced Petreikis to 9 months imprisonment followed by his original term of supervised release. Petreikis appeals, claiming the district court failed to consider explicitly the factors set forth in 18 U.S.C. § 3553(a) and imposed an unreasonable term of imprisonment. We affirm.

## I.     BACKGROUND

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

On October 20, 1999, the United States District Court for the District of New Hampshire sentenced Petreikis to 9 months imprisonment and 3 years of supervised release after Petreikis pled guilty to making a false statement in violation of 18 U.S.C. § 1001. Petreikis completed his term of imprisonment, and in May 2000 the District of New Hampshire transferred jurisdiction over Petreikis's supervised release to the District of Minnesota permitting Petreikis to live near his relatives.

On November 7, 2000, Petreikis's probation officer petitioned the court to issue an arrest warrant, informing the district court Petreikis's whereabouts were unknown. The district court issued the arrest warrant. The arrest warrant remained outstanding until February 18, 2008, when Petreikis was arrested in New York. The United States District Court for the Western District of New York transferred Petreikis to the District of Minnesota.

On May 15, 2008, Petreikis appeared before the Minnesota district court for his revocation hearing. Petreikis admitted he violated the terms of his supervised release by failing to maintain contact with his probation officer. Petreikis's attorney advised the district court Petreikis moved to Canada in 2000, and was arrested on the warrant after Petreikis was expelled from Canada in 2008. After hearing from both Petreikis and the government, the district court sentenced Petreikis to 9 months imprisonment followed by Petreikis's original term of supervised release with additional conditions.

## II.    DISCUSSION

"On appeal, we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). "We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings[.]" Id. (citing United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005)). "[W]e review the substantive reasonableness of the sentence under a

deferential abuse-of-discretion standard." Id. (citing Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597 (2007)).

The advisory Guidelines recommend a sentencing range of 3 to 9 months imprisonment based upon Petreikis's admission to a grade C violation of his supervised release and his criminal history category of I, which was calculated at the time Petreikis was originally sentenced to supervised release. See U.S.S.G. § 7B1.4(a). Petreikis acknowledges his revocation sentence was within the Guidelines range, but argues the district court (1) committed procedural error by failing to give explicit consideration to the 18 U.S.C. § 3553(a) factors, and (2) imposed a substantively unreasonable sentence.

"A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (citing United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008)). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2468 (2007). "The appropriateness of brevity or length, conciseness or detail . . . depends upon circumstances." Id. "Unless a party contests the Guidelines sentence generally under § 3553(a) . . . , the judge normally need say no more." Id. We do not require a district court to "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (citing United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003)). Instead, "[e]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient," and this evidence "can be inferred from the record." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).

A review of the record in this case demonstrates the district court was aware of the relevant sentencing factors. The revocation hearing transcript reflects the district

court was aware of the nature of Petreikis's violation. Through counsels' arguments at the hearing, the district court was made aware of the kinds of sentences available and the appropriate Guidelines range of prison sentences. The district court (1) recognized Petreikis had carried on the same wrongful conduct, and (2) also expressed concern that Petreikis have employment training opportunities and a safe environment in which to live following his release from prison. We are satisfied the district court was aware of, and applied, the relevant sentencing factors, and the sentence is procedurally sound.

We further conclude the 9-month term of imprisonment was not substantively unreasonable. Therefore, we conclude the district court did not abuse its discretion.

## III.   CONCLUSION

The judgment of the district court is affirmed.

_____