# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2044

_____

United States of America,         *
                                       *

           Appellee,         *
                                         *     Appeal from the United States

      v.                        *     District Court for the Western
                                         *     District of Missouri.

William L. Shade,            *

                                         *     [UNPUBLISHED]

           Appellant.        *

_____

Submitted: April 7, 2009
Filed: April 8, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

      After revoking William Shade's supervised release, the district court[1] sentenced him to the statutory maximum prison term of 24 months, with no supervision to follow. Shade appeals, arguing that the court did not adequately consider the relevant factors under 18 U.S.C. § 3553(a) and that the sentence is unreasonable. We affirm.

      We conclude that the district court did not abuse its discretion in sentencing Shade. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (standard of

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

review for sentence's substantive reasonableness). Contrary to Shade's argument, the record reveals that the court was aware of, and applied, the relevant sentencing factors. See 18 U.S.C. § 3583(e) (specifying § 3553(a) factors courts must consider in deciding revocation sentence); Petreikis, 551 F.3d at 824-25 (district court need not list every § 3553(a) factor when imposing revocation sentence as long as there is evidence that court was aware of relevant factors). First, the court stated that it believed Shade to be "incorrigible" based on his "conduct during the course of supervision," and it rejected his mitigating information as "not credible." See 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense, and history and characteristics of defendant), (a)(2)(B) (need for sentence to adequately deter criminal conduct), (a)(2)(C) (need for sentence to protect public from further crimes of defendant). Second, it recommended that Shade be placed in a prison facility that offered the 500-hour substance-abuse program. See 18 U.S.C. § 3553(a)(2)(D) (need for sentence to provide treatment in most effective manner). Third, it considered the statutory maximum and the advisory Guidelines range. See 18 U.S.C. § 3553(a)(4) (kinds of sentence and sentencing range established for violation). Finally, the same district judge presided over both the original sentencing and the revocation sentencing. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).

Because the court considered the proper factors in imposing a sentence within the statutory maximum and the advisory Guidelines range, we conclude that the sentence is not unreasonable. See Petreikis, 551 F.3d at 824 (revocation sentences are reviewed under same reasonableness standard that applies to initial sentencing; sentence within Guidelines range is accorded presumption of reasonableness on appeal); United States v. Nelson, 453 F.3d 1004, 1005-06 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and applicable § 3553(a) factors; revocation sentence of 24 months in prison without further supervision was not unreasonable despite advisory range of 4-10 months where district court considered defendant's commission of multiple supervised-release violations, need for deterrence and

incapacitation, and lengthy history of drug abuse making success in inpatient treatment unlikely).

Accordingly, we affirm the district court's judgment.

_____