# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2259

_____

United States of America,

      Appellee,

v.

James Edward Kral,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 13, 2009
Filed: May 27, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Kral appeals the 12-month sentence the district court[1] imposed after he violated the conditions of his supervised release. We affirm.

Although the district court did not make a mechanical recitation of the section 18 U.S.C. § 3553(a) factors and did not provide an expansive explanation of the sentence imposed, see United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) ("A

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

district court need not mechanically list every § 3353(a) consideration when sentencing defendant upon revocation of supervised release."), the proceedings were procedurally adequate, see United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (acknowledging that revocation sentence must be procedurally sound).  The district court was well aware of Kral's violations of his supervised release conditions which led to an earlier revocation sentence of six months confinement.  After his release from that revocation sentence, Kral continued to refuse to abide by the supervised release conditions.  At the second revocation hearing which resulted in the sentence being appealed here, the court provided Kral several opportunities to agree to abide by the supervised release conditions and not face additional incarceration, and Kral rejected those opportunities.  See 18 U.S.C. § 3553(a)(1) (factor to be considered includes "the history and characteristics of the defendant"); id. § 3583(e) (permitting imposition of revocation sentence after consideration of certain § 3553(a) factors).

We further conclude that Kral's 12-month sentence was not substantively unreasonable.  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____