# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2712

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Angela Marie Gray, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: March 5, 2010
Filed:  March 8, 2010

———————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

While Angela Marie Gray was serving supervised release after completing a 27-month prison sentence for bank fraud, the district court[1] revoked supervision because Gray violated her release conditions by committing new bank fraud.  The court sentenced her to 36 months in prison and ordered the revocation sentence to be served consecutively to the 87-month sentence imposed for the new bank-fraud conviction. For reversal, Gray argues that her original 27-month sentence was erroneously made consecutive to certain state sentences she was then serving, and that her 36-month

———————

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

revocation sentence is substantively unreasonable because the court failed to consider the 18 U.S.C. § 3553(a) sentencing factors and unreasonably ordered the revocation sentence to run consecutive to the 87-month sentence for the new bank-fraud conviction. For the following reasons, we affirm.

First, Gray cannot mount a collateral attack on her original sentence in these proceedings. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) (defendant may challenge validity of underlying conviction and sentence through direct appeal or habeas corpus proceeding, not through collateral attack in supervised-release revocation proceeding). Second, Gray has not rebutted the presumption that her within-Guidelines-range revocation sentence is reasonable. See United States v. Petreikis, 551 F.3d 822, 824-25 (8th Cir. 2009) (revocation sentence within Guidelines range is accorded presumption of substantive reasonableness on appeal; district court is not required to mechanically list every § 3553(a) consideration when imposing revocation sentence, and it is sufficient that there is evidence that can be inferred from record that court was aware of relevant § 3553(a) factors). Finally, the court's decision to run the revocation sentence consecutively to the new bank-fraud sentence was not unreasonable. See United States v. Kreitinger, 576 F.3d 500, 503-05 (8th Cir. 2009) (district court's decision to impose consecutive or concurrent sentence is reviewed for reasonableness; decision to impose consecutive sentences was not unreasonable given defendant's recidivist tendencies).

Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____