# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1401

_____

United States of America,     &ast;

                  &ast;

        Appellee,     &ast;

                  &ast;   Appeal from the United States

    v.             &ast;   District Court for the Western

                  &ast;   District of Missouri.

Johnny W. Swanner,     &ast;

                  &ast;   [UNPUBLISHED]

        Appellant,     &ast;

_____

Submitted: June 3, 2010
Filed: June 15, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.


  While Johnny W. Swanner was serving supervised release after completing a federal prison sentence for a drug offense, the district court[1] found that he committed multiple violations of his release conditions, as alleged in two violation reports, and revoked supervised release. The court sentenced him to 24 months in prison and 3 years of supervised release, and Swanner appeals. For reversal, he disputes many of the facts recited in the violation reports, and he also argues that (1) his sentence is too

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

long, (2) defense counsel rendered ineffective assistance, (3) he is not receiving adequate medical treatment in prison, (4) he was not shown the arrest warrant, and the charges were not read to him, when he was arrested on the violator's warrant; (5) he never received disclosure of the evidence against him or written notice of the alleged violations; (6) his revocation hearing was not held within a reasonable time after he was arrested; and (7) he was not informed of all of the alleged violations until the revocation hearing. For the following reasons, we affirm.

Swanner waived any challenge to the violation reports' factual allegations. He admitted some alleged facts, and as to the others he stipulated that law enforcement officials would testify in conformity with their reports to the probation officer, he did not deny that those reports were true, he declined to speak when given an opportunity to do so, and he did not even attempt to submit rebuttal evidence. See United States v. Booker, 576 F.3d 506, 509-11 (8th Cir.) (waiver is intentional relinquishment of known right, and waived claims are unreviewable on appeal), cert. denied, 130 S. Ct. 777 (2009).

As to his sentence, Swanner has not rebutted the presumption that the sentence--at the low end of the undisputed Guidelines range, and within statutory limits--is reasonable. See 18 U.S.C. § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(A); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (revocation sentence within Guidelines range is accorded presumption of substantive reasonableness on appeal). Further, his claims of ineffective assistance of counsel are not properly before us in this direct criminal appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006), and neither are his complaints about his medical treatment in prison.

Because Swanner's remaining arguments were not raised below, we review only for plain error, see United States v. Aldridge, 561 F.3d 759, 765 (8th Cir. 2009), cert. denied, 130 S. Ct. 1095 (2010); and we find no reversible plain error, because

Swanner has not shown that any such error affected his substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings, see United States v. Wisecarver, 598 F.3d 982, 989 (8th Cir. 2010) (describing steps in plain error review).

Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____