# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3208

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Troy Woodard, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: May 13, 2011
Filed: August 4, 2011

_____

Before MURPHY and COLLOTON, Circuit Judges, and ERICKSON,[1] District Judge.

_____

PER CURIAM.

Troy Woodard failed to report to probation following his release from a halfway house. The district court[2] revoked Woodard's supervised release and sentenced him to 24 months' imprisonment with no additional term of supervised release. Woodard appeals, challenging his sentence. We affirm.

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Woodard first argues the district procedurally erred by failing to consider the 18 U.S.C. § 3553(a) factors. Because Woodard failed to object to the district court's consideration of these factors at his revocation hearing, we review his claim for plain error. *See United States v. Benton*, 627 F.3d 1051, 1055 (8th Cir. 2010). After carefully reviewing the record, we can discern no error. The district court considered that Woodward "left for Mexico at the earliest opportunity and never even reported for supervised release." Although the district court credited Woodard for eventually turning himself in to authorities in Mexico, it concluded that Woodard was "not likely to cooperate or benefit from supervised release" based on the facts and circumstances of his violation. The district court was also aware of Woodard's personal history and characteristics, as she had sentenced Woodard for his original offense and ordered a warrant when Woodard fled to Mexico. *See United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (observing that a judge who presided over a defendant's initial sentence was fully apprised of his history and characteristics). The parties also presented thorough arguments addressing Woodard's dedication to his family, the likelihood that he would recidivate, and the mitigating and aggravating circumstances surrounding his offense. We presume the district court was aware of the sentencing factors, *see United States v. Petreikis*, 551 F.3d 822, 825 (8th Cir. 2009), and we conclude the district court did not fail to consider the § 3553(a) factors.

Woodard next argues the district court imposed a substantively unreasonable sentence when it sentenced him above the 4-10 month guideline range. While a district court must calculate the suggested range, it is not bound to impose a sentence within that range because the Chapter 7 policy statements related to the revocation of supervised release are purely advisory. *United States v. Larison*, 432 F.3d 921, 922 (8th Cir. 2006). Woodard claims the district court should not have treated his Grade C violation more harshly than other Grade C violations. But on the day Woodard was released from a halfway house, he left the country for over nine months. Accordingly, we cannot conclude that the district court abused its

-2-

considerable discretion by finding this to be a particularly egregious failure-to-report violation. *See Miller*, 557 F.3d at 917 (reviewing the substantive reasonableness of a sentence under an abuse of discretion standard). The sentence was not unreasonable.

We affirm the judgment of the district court.

_____