# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1509

_____

United States of America,

   Appellee,

v.

Richard Bunzell Bobo, Jr.,

   Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: November 16, 2011
Filed: January 9, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

  After modifying the conditions of Richard Bobo's supervised release five times and revoking it once, the district court[1] revoked Bobo's supervised release for a second time and sentenced him to 47 months' imprisonment. Bobo appeals, arguing that the district court failed to consider the 18 U.S.C. § 3553(a) factors before imposing his sentence. We affirm.

_____

  [1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

I.

In 1992, Bobo was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). He was sentenced to 235 months' imprisonment followed by 5 years of supervised release. Bobo completed his initial prison sentence and began his term of supervised release in January of 2009.

Bobo repeatedly violated the terms of his supervised release. On February 23, 2009, the district court modified the conditions of Bobo's release to include 24 hours of community service because Bobo had violated the conditions of his release by using marijuana. The district court next modified the conditions of release on May 5, 2009, after Bobo used cocaine. This time the district court added 90 days of home detention with electronic monitoring. On September 24, 2009, Bobo was sentenced to 13 months' imprisonment, with the remainder of his supervision to follow, after violating the conditions of his release by possessing and smoking crack cocaine.

Bobo completed his 13-month sentence and was released on May 7, 2010. On September 14, 2010, the district court modified Bobo's supervised release to include 30 days of home detention because he had associated with other felons and failed to provide documentation of legitimate employment. On November 15, 2010, the court modified the conditions of release to include 16 hours of community service because Bobo had again used marijuana. On January 13, 2011, Bobo was again in court for violating the terms of supervised release by using marijuana.

At the January 13 hearing, the district court engaged in a lengthy discussion with Bobo about his repeated violations. Bobo stated that he had not used marijuana for the past week and had begun an outpatient substance abuse treatment program. Although the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.) recommended 8 to 14 months' imprisonment, the district court did not revoke Bobo's supervised release. Instead, the court modified the conditions of supervised release to include 120 days in a residential reentry center and to require Bobo to continue his

treatment program. When Bobo expressed his desire to be finished with supervised release the court said:

> So I need to keep you under supervision because the goal is that you have to return to law abiding behavior. You know it's no good if I cut you loose, and you go out and you get another assault or a gun charge or a drug charge or something like that. And part of what I have to do is to do the best I can to make sure you don't become a danger to yourself or other people. And I just don't have enough on the positive side of the ledger to cut you loose.

Jan. 13, 2011, Revocation Hr'g Tr. 12.

On January 22, 2011, Bobo was arrested and charged in Ramsey County District Court with felony domestic assault by strangulation. Bobo pled guilty to the charges in state court. Because committing felony assault was a violation of the terms of Bobo's supervised release, on February 17, 2011, Bobo's supervised release was revoked and he was sentenced to 47 months' imprisonment, with no supervised release to follow.

## II.

"We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings." United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (citing United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)). In a revocation of supervised release sentencing a district court must consider those factors set forth in § 3553(a) specified in § 3583(e). But "[w]e do not require a district court to 'mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release.'" Petreikis, 551 F.3d at 824-25 (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)). Evidence that the district court was aware of the relevant factors is sufficient, and this evidence

-3-

can be inferred from the record. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).

The record reflects that the district court was aware of and considered the relevant §3553(a) factors when sentencing Bobo. The district court had previously modified and revoked Bobo's supervision and, given Bobo's multiple opportunities to comply with the conditions of his supervision, was familiar with his history. As the court noted at Bobo's sentencing hearing, this was a "serious supervised release violation" and the violation occurred just a week after the court discussed with Bobo why he had to remain on supervision.

The district court correctly stated that the applicable Guidelines range was 51 to 60 months' imprisonment.[2] U.S.S.G. § 7B1.4(a). In this case, however, Bobo could not be sentenced to more than 47 months' imprisonment. Because Bobo was sentenced prior to 1994, "[s]ection 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed." Johnson v. United States, 529 U.S. 694, 712 (2000). Bobo's original term of supervised release was 5 years, so because Bobo had served a 13-month sentence for an earlier violation of supervised release, a 47-month term of imprisonment was the maximum available sentence. Accordingly, the district court correctly substituted this 47-month term for the Guidelines range. U.S.S.G. § 7B1.4(b)(1).

Because Bobo's repeated violations of the conditions of supervised release had demonstrated beyond peradventure of doubt that he was not amenable to further supervision, the district court, well aware of the § 3553(a) factors, appropriately sentenced him to 47 months' imprisonment with no supervised release to follow.

---

[2]The statutory maximum for a term of imprisonment upon revocation of supervised release is 60 months, so the Guidelines range of 51-63 months is modified and becomes 51-60 months. 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(b)(3)(A).

## III.

The judgment is affirmed.

_____