# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2721

_____

|  |  |  |
|---|---|---|
| | * | |
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Michael Karas, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2012
Filed: June 1, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Karas's supervised release was revoked by the district court[1] and he was sentenced to one year and one day in prison after he admitted to violating his conditions of supervised release by using methamphetamine and failing to show up for required drug testing. Karas appeals, arguing that the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) and imposed an excessive sentence. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Karas had pled guilty in 2003 to conspiracy to distribute more than 500 grams of methamphetamine and possession of a firearm during a drug trafficking offense in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c). He was sentenced to 180 months in prison, but that was later reduced to 90 months on a motion by the government. He was also sentenced to five years of supervised release for each offense, to run concurrently. Two mandatory conditions of Karas's supervised release were that he refrain from using controlled substances and that he submit to drug testing.

Karas began his term of supervised release on July 20, 2009. In November 2010 his probation officer filed a petition for a warrant or summons because he had allegedly failed to notify the officer about a change in his address, had used methamphetamine, and had failed to attend scheduled drug tests. At a hearing in front of the district court, Karas admitted to using methamphetamine and to missing the scheduled drug tests. The district court postponed sentencing and released Karas so he could receive treatment at a halfway house.

In February 2011 the probation officer filed a second petition for a warrant or summons because Karas had allegedly left the rehabilitation center without permission, committed a burglary, and failed to attend scheduled drug testing. After receiving a sentence of 7 to 10 years in state court for felony charges, Karas appeared before the federal district court for sentencing. The government withdrew its second petition against Karas, and instead asked the district court to sentence him based on his prior admissions that he had violated the terms of his supervised release by using methamphetamine and missing scheduled drug tests. The adjusted report and recommendation stated that the advisory guideline range for Taylor's admitted violations was 6 to 12 months in prison. U.S.S.G. §§ 7B1.4(a), 7B1.1(b).

Karas requested a sentence at the low end of the guideline range without any supervised release because he had been diagnosed with bipolar disease and he had already received a substantial sentence in state prison. The government agreed with

a recommendation by the probation officer that Taylor be sentenced to 24 months in prison and further stated that it did not believe that any additional supervision would be useful. The district court determined that a prison sentence was necessary since Karas had absconded and committed a crime after he had earlier been permitted to live in a halfway house. Karas was sentenced to one year and one day, to run consecutively to his state sentence. No supervised release was ordered.

Karas appeals, arguing that the district court failed to consider the sentencing factors under § 3553(a) and imposed an excessive sentence. He contends that his sentence was unreasonable because his violations were not the most serious types of offenses listed under Chapter 7 of the sentencing guidelines. See U.S.S.G. § 7B1.1(a). We review a revocation sentence for procedural soundness and we review its substantive reasonableness under "the same 'reasonableness' standard that applies to initial sentencing proceedings." United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010) (quoting United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)).

Since Karas did not object to the adequacy of the district court's consideration of the § 3553(a) factors at his sentencing hearing, our review is for plain error. Benton, 627 F.3d at 1055. The district court did not err in imposing a sentence of one year and one day because it reflected an understanding of the nature and circumstances of Karas's violations, his history, and the seriousness of his offense. See United States v. Petreikis, 551 F.3d 822, 825 (8th Cir. 2009). The district court listened to Karas's counsel discuss his mental illness and state court sentence. It then expressed concern that Karas had absconded and committed a crime after the court had postponed his initial sentencing so that he could receive treatment at a halfway house. While the district court did not specifically reference the § 3553(a) factors, its statements show that it was aware of the statute and adequately considered it in determining the appropriate sentence. See United States v. Perkins, 526 F.3d 1107, 1110–11 (8th Cir. 2008).

Karas also suggests that the district court imposed a sentence that was "clearly excessive" because it was to be served consecutively to his state prison sentence. The substantive reasonableness of a sentence is reviewed under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The decision to impose a consecutive sentence is reviewed for reasonableness. See United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008). The district court considered the appropriate factors, adequately explained its reasoning, see Benton, 627 F.3d at 1056, and sentenced Karas well below the statutory maximum sentence. 18 U.S.C. § 3583(e)(3). We therefore conclude that the district court acted reasonably in ordering Karas's sentence to be served consecutively to his state court sentence.

Accordingly, we affirm the judgment of the district court.

_____