# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2546

_____

United States of America

*Plaintiff - Appellee*

v.

Larry R. Shaw

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 28, 2012
Filed: January 7, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After the District Court[1] found that Larry Shaw had violated the conditions of his release, the court revoked Shaw's supervised release and imposed a sentence of

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

thirteen months in prison followed by twenty-three months of supervised release. Shaw appeals, arguing that the sentence is unreasonable. We disagree. The record shows that the District Court credited the victim's hearing testimony over Shaw's, properly considered relevant sentencing factors, and imposed a revocation sentence that was authorized by statute and within the applicable Guidelines range. See 18 U.S.C. § 3583(b), (e)(3), (h); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying a presumption of substantive reasonableness to a revocation sentence within the Guidelines range); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (reiterating that a district court need not list every 18 U.S.C. § 3553(a) factor when sentencing a defendant upon the revocation of his supervised release); United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (noting that the government must prove by a preponderance of the evidence that a defendant violated a supervised-release condition; a district court's finding that a violation occurred is reviewed for clear error and its credibility determinations at supervised-release-revocation hearing are virtually unreviewable on appeal).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____