# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2957

_____

United States of America

*Appellee*

v.

Anthony Donnelle Brown

*Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 11, 2013
Filed: February 22, 2013
[Unpublished]

_____

Before SMITH, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Anthony Brown admitted that by twice driving after his license was cancelled (a misdemeanor under Minnesota law), he violated the terms of his supervised release that were imposed as part of his sentence for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). The parties agreed that Mr. Brown's infractions constituted a Grade C violation under U.S.S.G. § 7B1.1(a)(3), and, given Mr. Brown's

criminal history, the guidelines recommended a range of 8 to 14 months' incarceration, *see* U.S.S.G. § 7B1.4. After the district court[1] sentenced him to 6 months in prison, Mr. Brown appealed, arguing that his sentence is substantively unreasonable because it is "greater than necessary" to fulfill the sentencing goals set out in 18 U.S.C. § 3553(a).

We use the same "deferential abuse-of-discretion standard" to review the substantive reasonableness of sentences imposed upon revocation of supervised release as we do when considering the substantive reasonableness of an initial sentence. *See United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). We likewise give the same presumption of reasonableness to a revocation sentence within the range recommended by U.S.S.G. § 7B1.4 that we give to an initial sentence that falls within the applicable guideline range. *See, e.g., United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009). Furthermore, where a district court imposes an initial sentence below the advisory guideline range, we have held that "it is nearly inconceivable that the court abused its discretion in not varying downward still further," *see United States v. Lazarski*, 560 F.3d 731, 733-34 (8th Cir. 2009), and we see no reason to apply a different principle to a sentence below a range recommended by § 7B1.4, such as Mr. Brown's. In imposing sentence, moreover, the district court here noted that it was "taking into account all of the circumstances," including Mr. Brown's "track" record on supervised release, which was "not good." From these statements and the record as a whole, we conclude that the court properly considered the § 3553(a) sentencing goals as directed to do when imposing a sentence from a violation of supervised release, *see* 18 U.S.C. § 3583(e). *See United States v. Perkins*, 526 F.3d 1107, 1110-11 (8th Cir. 2008). Because Mr. Brown has given us no reason to believe that his below-guidelines sentence was "greater than necessary"

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

to fulfill the appropriate sentencing goals set out in 18 U.S.C. § 3553(a), we discern no error here.

Affirmed.

_____