# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3394

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth D. Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2013
Filed: March 15, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Perkins appeals the sentence imposed by the District Court[1] after he pleaded guilty to escaping from the custody of the transitional halfway house where

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

he was confined under a federal criminal judgment. See 18 U.S.C. § 751(a). On appeal, he argues that because the court imposed a three-year period of supervised release to be served after completion of an eighteen-month term of imprisonment, his sentence is longer than necessary to serve the goals of sentencing and is thus substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), and a sentence within a properly calculated U.S. Sentencing Guidelines range is presumed to be reasonable, United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). Perkins does not contest the Guidelines range recommended in the presentence investigation report and adopted by the District Court. Rather, Perkins argues that his sentence became substantively unreasonable when the court imposed a period of supervised release to be served after his uncontested term of imprisonment. We conclude that the District Court did not abuse its discretion by imposing the three-year term of supervised release—a term that was authorized by statute. See 18 U.S.C. § 3583(a) (authorizing court to impose a term of supervised release after imprisonment); id. § 3583(b)(2) (authorizing a term of supervised release not to exceed three years for a Class D felony). The fact that Perkins would have preferred a longer term of imprisonment over a term of supervised release does not render unreasonable a presumptively reasonable sentence.

To the extent Perkins argues that the court did not adequately consider the § 3553(a) sentencing factors, we reject his argument and note that the District Court stated that it had taken into consideration all of the § 3553(a) factors, particularly Perkins's "quite remarkably extensive record" and his apparent unwillingness to "conform [his] conduct [to] what's required under the law." Sent. Tr. at 7.

For the foregoing reasons, we affirm the judgment of the District Court.

_____