# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1797

_____

United States of America

*Plaintiff - Appellee*

v.

Craig R. Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 8, 2014
Filed: January 23, 2015
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Craig Green's term of supervised release and sentenced him to thirty-three months' imprisonment after finding that he had violated

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

the conditions of his release by committing, among other violations, another crime. We affirm.

Green was on supervised release after a period of incarceration for armed bank robbery. On February 27, 2014, Green's probation officer petitioned to revoke his supervised release, noting multiple violations of the conditions of release, including that of committing another crime.

At the time of the revocation hearing, Green had been arrested for, but not charged with, first-degree assault. Green conceded at the hearing that he had violated various conditions of release, but he claimed that he had not committed another crime. The government offered the testimony of seventeen-year-old A.J. and a detective. A.J. testified that she and C.L. were walking after school when C.L. was accosted by several individuals, including two of Green's sons. According to A.J., when C.L. tried to flee, a silver car traveling at least twenty miles an hour hit him, then drove off. A.J. ran, then heard a gunshot. She then returned to assist C.L., who had been shot in the head. A.J. later identified Green in a photo lineup as the driver of the car that had hit C.L. before the shooting. After the detective showed A.J. a picture of a Buick that Green and his wife jointly owned, A.J. confirmed that it was the vehicle that had hit C.L. The detective testified that the vehicle was "tannish-silver" or "tan." Green's wife testified that the car was "goldish-tan," that she was home for most of the day on which the incident took place, and that she never noticed the car leaving the driveway. The district court found by a preponderance of the evidence that Green had committed either first- or second-degree assault and sentenced him to the lower end of the United States Sentencing Guidelines (Guidelines) range of thirty-three to thirty-six months.

Green argues that the government did not establish by a preponderance of the evidence that he had committed another crime. Green claims that the police used suggestive methods to elicit A.J.'s identification of his vehicle as the one that hit

C.L., and he also cites inconsistencies in the witnesses' testimony regarding the color of the vehicle.

We review the district court's underlying factfinding for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). The court's credibility determinations are virtually unreviewable on appeal. United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002). The inconsistencies in the witnesses' testimony regarding the color of the vehicle involved in the incident were for the factfinder to resolve. See Dodd v. Nix, 48 F.3d 1071, 1074-75 (8th Cir. 1995). The district court found that A.J.'s testimony was credible, and it was entitled to credit her testimony over that of Green's wife. Moreover, that A.J. was shown a picture of only the Buick and not, as Green styles them, "placebo photos" of other vehicles did not render suspect her identification of the car that had hit C.L. See Johnson v. Sublett, 63 F.3d 926, 932 (9th Cir. 1995) (noting that "line-ups" are not required for identification of physical evidence such as vehicles). In sum, we conclude that the district court did not commit clear error in finding by a preponderance of the evidence that Green had committed another crime.

Green also argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a revocation sentence under an abuse-of-discretion standard, and we presume that a sentence within the advisory Guidelines range is reasonable. United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). Green does not challenge the calculation of the Guidelines range, and in light of the factors listed in 18 U.S.C. § 3553(a), including Green's history and the seriousness of the crime he was found to have committed, the district court did not abuse its discretion in sentencing Green to thirty-three months' incarceration.

The judgment is affirmed.

_____