<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4749**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ZEE ZEE ZELAZURRO,

                    Defendant - Appellant.

_____

**No. 14-4752**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ZEE ZEE ZELAZURRO,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:06-cr-00561-MBS-1; 4:08-cr-01076-RBH-1)

_____

Submitted:  February 9, 2015          Decided:  March 2, 2015

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zee Zee Zelazurro appeals from the district court's judgments revoking his supervised release and imposing concurrent fifteen-month sentences. On appeal, Zelazurro contends that his sentence is procedurally and substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). It may be possible for this court to evaluate from "[t]he context surrounding a district court's explanation . . . both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (explaining that, while sentencing court must consider statutory factors and explain the sentence, it need not explicitly reference § 3553(a) or discuss every factor on record).

Zelazurro argues that the district court failed to consider the § 3553(a) factors and, in particular, did not take into account the nature and circumstances of the violations which all occurred within a one-month period. However, the record shows that the court imposed the fifteen-month terms of imprisonment based upon Zelazurro's continued disregard for the court's authority. The court also found that his "excuses" were

4

insufficient explanation for his repeated violations. Such reasoning took into account Zelazurro's history and characteristics and implicitly considered the need to deter Zelazurro's continued noncompliance. These considerations are among the relevant § 3553(a) factors the court was required to consider in imposing its revocation sentence. See 18 U.S.C. §§ 3553(a), 3583(e) (2012). Accordingly, we find that the district court adequately considered the § 3553(a) factors prior to imposing sentence.

A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. In addition, an appellate presumption of reasonableness applies for a within-Guidelines sentence upon revocation of supervised release. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).

Zelazurro contends that the district court failed to consider the totality of the circumstances and that his fifteen-month sentences are greater than necessary to accomplish the goals of sentencing. We conclude that Zelazurro's sentences are substantively reasonable, as he has failed to rebut their presumed reasonableness. As discussed above, the district court assessed the totality of the circumstances, including the applicable § 3553(a) factors, and concluded that a term of

5

imprisonment within the advisory Guidelines range was necessary given Zelazurro's repeated violations and failure to conform his conduct. This conclusion was based on proper sentencing factors described in § 3553(a), and thus, the sentences were reasonable.

Accordingly, we affirm Zelazurro's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED