# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1190

_____

United States of America

*Plaintiff - Appellee*

v.

David A. Willard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 23, 2017
Filed: September 5, 2017
[Unpublished]

_____

Before WOLLMAN, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

David Willard appeals after the district court[1] revoked his supervised release and sentenced him to 24 months in prison with no additional supervised release. In

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

counseled and pro se briefs, Willard challenges both the decision to revoke his supervised release and the resulting revocation sentence. We affirm.

Upon careful review, we conclude that the district court did not clearly err in finding that Willard violated at least one condition of his supervised release, and we therefore further conclude that the revocation decision was proper. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated condition of supervised release); United States v. Miller, 557 F.3d 910, 913-14 (8th Cir. 2009) (for purposes of supervised-release revocation, factual findings are reviewed for clear error). We also conclude that the district court did not abuse its discretion in sentencing Willard, as his 24-month prison term did not exceed the statutory limit for his underlying Class C felony, it was within the undisputed advisory Guidelines range, and the court appropriately considered 18 U.S.C. § 3553(a) sentencing factors. See 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years if underlying offense is Class C felony; before revoking supervised release and imposing sentence, court must consider specified factors in § 3553(a)); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of substantive reasonableness to revocation sentence within Guidelines range); United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (abuse-of-discretion standard of review).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____