# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3599
_____

United States of America

*Plaintiff - Appellee*

v.

James E. Caldwell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 15, 2021
Filed: March 24, 2022
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked James Caldwell's supervised release after he was arrested for driving while intoxicated. He appeals, challenging the substantive reasonableness of his new supervised release sentence. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Caldwell pleaded guilty to a drug distribution offense. At the time, he was already on supervised release for a previous drug distribution conviction. The district court imposed a sentence of 120 months in prison followed by eight years of supervised release for the new offense. It also imposed a 24-month revocation sentence, to run consecutively.

Three years later, Caldwell moved for compassionate release from both sentences under 18 U.S.C. § 3582(c)(1)(A). The district court granted the motion and reduced his total sentence to 89 months, but kept the eight-year supervision period. The terms of his release prohibited Caldwell from committing crimes, consuming alcohol, and using or possessing illegal drugs. Caldwell began his supervised release the next day.

Six weeks later, Caldwell drove into a parked car. He did not have a driver's license and his blood alcohol level was 0.299. The following week, Caldwell tested positive for THC. After a hearing, the district court found that Caldwell violated his supervised release terms; revoked the release; and imposed a sentence of 18 months in prison followed by another eight years of supervision. Caldwell appeals the length of his new supervised release period, arguing that it is substantively unreasonable.

We review the substantive reasonableness of a revocation sentence for abuse of discretion. United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in weighing the appropriate factors. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

A district court may impose a period of supervised release following a revocation prison sentence. 18 U.S.C. § 3583(h). The maximum period of

supervision is the term of supervised release authorized by statute for the offense that resulted in the original supervised release sentence, minus the length of any prison sentence imposed at revocation. Id. The § 3553(a) sentencing factors guide the district court in setting the length and conditions of supervised release. 18 U.S.C. § 3583(c). The drug offense statute Caldwell pleaded guilty to does not cap the potential term of supervised release. 21 U.S.C. § 841(b)(1)(B). As a result, the maximum supervised release term is life. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000) ("Here, however, the governing statute requires 'at least' six years of supervised release, which permits the imposition of any amount of supervised release between six years and life.").

The district court concluded that, "considering all of the factors set forth under 18 U.S.C. § 3553," imposing another eight-year supervised release period was appropriate. Caldwell argues that the district court committed a clear error of judgment in weighing the factors. According to him, an eight-year term of supervised release is greater than necessary to accomplish the § 3553(a) objectives because of his advanced age, health conditions, and the availability of less onerous ways of protecting the public. But the record indicates otherwise. Caldwell has a history of committing crimes while on supervised release. Specifically, he has a habit of driving while intoxicated—this was his fourth DUI offense. The district court imposed the same period of supervised release with the same conditions as it did when sentencing Caldwell for his drug offense in 2017. Yet Caldwell violated again only six weeks later. As the district court noted, "there are no good community-based options to protect the public from someone who is just going to continue to drink and drive and place the public at great risk." It was not unreasonable for the district court to conclude that re-imposing the same restrictions for the same period of time was necessary to protect the public. Accordingly, the district court did not abuse its discretion by imposing an eight-year term of supervised release. We affirm.

_____

-3-